O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    EDCV 08-00055 SGL (JCRx)                    Date:  November 6, 2008

Title:      CHRISTOPHER M. TIJERINA -*v*- AMERICAN FIRST REAL ESTATE SERVICES, INC.

===========================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

    Jim Holmes                                  None Present
    Courtroom Deputy Court                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

None present                               None present

PROCEEDINGS:     ORDER DENYING MOTION TO COMPEL; ORDER VACATING HEARING
                 ON MOTION TO COMPEL

    The Court has received and reviewed defendant's motion to compel arbitration and either dismiss the present case or stay the proceedings pending arbitration.  Defendant's argument is fairly straightforward:  In connection with the loan documents plaintiff executed with defendant, plaintiff also executed an arbitration agreement wherein he agreed that "any Claim shall be resolved by binding arbitration" (the term "claim" being defined in the agreement as "any claim, dispute, or controversy . . . arising from or relating to Your Loan with Lender or the Loan Agreement"); the present suit filed by plaintiff concerns [] which arises from or relates to the loan agreement; therefore, the instant matter is subject to arbitration.

    Plaintiff thereafter filed an opposition admitting the premise of defendant's motion – that the present suit is subject to arbitration under the terms of the arbitration agreement he signed – but argued that the arbitration agreement is unenforceable because many of the terms contained therein are unconscionable.  For example, that the agreement excludes from its reach claims that would only be brought by the lender (such as eviction and foreclosure), and the agreement contains a class action waiver provision in it.  (<u>See</u> Mot. Compel Arbitration, Ex. A ("a Claim shall not include . . . acceleration of the Note . . ., a non-judicial foreclosure or right of set-off . . . any eviction or other summary proceeding to secure possession of real property") & ("neither You nor Lender will, without written consent of the other party, have the right to (1) participate in a class

MINUTES FORM 90                                          Initials of Deputy Clerk: jh
CIVIL -- GEN                        1

action in court or in arbitration as a class representative")).  The latter exclusion is particularly important as the present case is a putative class action with the named plaintiff as the asserted class representative; and just as important the arbitration agreement itself specifically provides that if the class action waiver provision is found to be "invalid" or "unenforceable" then the "entire Arbitration Agreement shall be null and void." (Id.).  Plaintiff posits that such terms have been found by other courts as rendering the agreement in question (be it an arbitration agreement or simply a contract of adhesion) unconscionable (premised largely on the idea that such a provision is so one-sided as to lack a "modicum of bilaterality" and also, insofar as the class action waiver, in effect shields the lender from its commission of wide-spread wrongdoing).  See  Gentry v. Superior Court, 42 Cal.4th 443 (2007); Discover Bank v. Superior Court, 36 Cal.4th 148 (2005); Flores v. Transamerica HomeFirst, Inc., 93 Cal.App.4th 846 (2001) (exclusion of foreclosure from reach of arbitration agreement's terms); Shroyer v. New Cingular Wireless Servs., 498 F.3d 976 (9th Cir. 2007); Lowden v. T-Mobile USA, Inc., 512 F.3d 1213 (9th Cir. 2008); ACORN v. Household International, Inc., 211 F.Supp.2d 1160 (N.D. Cal. 2002) (exclusion of foreclosure from reach of arbitration agreement's terms).  Given the pervasive nature of the unconscionable terms in the arbitration agreement, plaintiff posits that the agreement is unenforceable as it cannot be cured by severance (indeed the agreement specifically states that should the class action waiver term be found unenforceable that the entire agreement would be null and void) and thus the arbitration agreement is unenforceable.

To this lengthy argument and citation to authority, defendant has failed to file a reply or otherwise proffer any argument to rebut the charges.  Accordingly, the Court hereby **DENIES** the motion to compel arbitration and **VACATES** the November 10, 2008, hearing on defendant's motion to compel.

**IT IS SO ORDERED.**